OPINION AND ORDER
This is an appeal of a May 27, 2008 Tribal Court decision, following a bench trial, finding Appellant Cetanzi Nation guilty of sexual assault in violation of Title VII, Section 226 of the Fort Peck Tribes’ Comprehensive Code of Justice, (“CCOJ”). Oral argument was conducted on July 27, 2009. We affirm the Tribal Court in accordance with the following.
The Criminal Complaint alleges that Appellant Nation, while in a public area of the Indian Health Services clinic, tried
to pull [a fourteen year old girl] close however she got away and went to the bathroom. When she came out she saw the defendant motioning for her to go where he was located. She went to see what he wanted. The defendant was trying to whisper something to her, that is when he pulled her close to him and kissed her on the lips.
Appellant Nation, who was twenty years old at the time, stated that he and the girl were friends. She denied this. Appellant Nation also denied kissing the girl, stating he had hugged her only.
*256 Prior to trial, Appellant Nation filed a Motion to Dismiss the charges based on lack of competence as well as the argument that his conduct did not constitute “sexual contact” within the meaning of Title VII, Section 226 CCOJ. The Motion was denied.
At trial, Chief Judge Jackson determined that Appellant Nation had not established the existence of a mental disease or defect within the meaning of Title VII, section 112, CCOJ or that he was unable to appreciate the wrongfulness of his conduct. Judge Jackson further determined that Appellant Nation’s behavior did constitute “sexual contact” within the meaning of Section 226.
The applicable standard of review set forth in Title II, section 202 of the Fort Peck Comprehensive Court of Justice, (“CCOJ”), provides,
The Court of Appeals shall review de novo all determinations of the Tribal Court on matters of law but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence.
We find that the Trial Court’s factual determinations were supported by substantial evidence and that its legal conclusions were correct.
Dr. Wyatt, the Indian Health Services Director of Behavioral Health and a licensed clinical psychologist testified concerning the defense of “mental disease or defect,” based on his treatment of Mr. Nation as well as his review of Mr. Nation’s clinical records. According to Dr. Wyatt, Mr. Nation has some mental health and cognitive challenges but, “He understand reality.” At the conclusion of the trial, Judge Jackson, referring to this testimony, stated that Appellant Nation, “was aware of his conduct.” This denial of the defense is supported by substantial evidence.
We also find the Trial Court’s interpretation of the meaning of “sexual contact” in the context of this case to be correct. Title VII, Section 226 defines “Sexual contact” as, “any intentional touching of the sexual or other intimate parts of the person, whether clothed or unclothed, with no medical purpose.” While “other intimate parts” of the person is not defined, it is distinguished from “sexual parts” in the code section. A determination that the lips are “other intimate parts” is reasonable.
IT IS NOW, THEREFORE, THE ORDER OF THIS COURT THAT:
The Tribal Court Order of May 27, 2008 finding Mr. Nation guilty of Sexual Assault and sentencing him to 90 days in the Fort Peck Detention Center is affirmed.